EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-1727**

MAY 14, 2021 02:06 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SANDRA MONTALVO, | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION FILE |
| | ) NO: _____ |
| TOTAL TRANSPORTATION OF MISSISSIPPI LLC; U.S. XPRESS LEASING, INC.; U.S. XPRESS, INC. and TYLER GARNER BUELL, | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, SANDRA MONTALVO, and makes this Complaint against the Defendants, TOTAL TRANSPORTATION OF MISSISSIPPI LLC, U.S. XPRESS LEASING INC., U.S. XPRESS, INC., and TYLER GARNER BUELL, as follows:

### PARTIES AND JURISDICTION

1.

Defendant TOTAL TRANSPORTATION OF MISSISSIPPI LLC ("Total Transportation") is a foreign corporation existing under the laws of the State of Mississippi. Total Transportation's principal place of business is located at 125 Riverview Drive, #4401, Richland, Mississippi 39218. Total Transportation has committed a tortious act in Cobb County in the State of Georgia and is subject to the jurisdiction and venue of this Court. Total Transportation may be served with process via the long arm statute through its registered agent for service of process and President, John

**EXHIBIT A**

D. Stomps, at 125 Riverview Drive, #4401, Richland, Mississippi 39218.

2.

Defendant U.S. XPRESS LEASING, INC. ("U.S. Xpress Leasing") is a foreign corporation existing under the laws of the State of Tennessee. U.S. Xpress Leasing's principal place of business is located at 4080 Jenkins Road, Chattanooga, Tennessee 37421. U.S. Express Leasing has committed a tortious act in Cobb County in the State of Georgia and is subject to the jurisdiction and venue of this Court. U.S. Xpress Leasing may be served with process through its registered agent for service of process Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37421.

3.

Defendant U.S. XPRESS, INC. ("U.S. Xpress") is a foreign corporation existing under the laws of the State of Tennessee. U.S. Xpress's principal place of business is located at 4080 Jenkins Road, Chattanooga, Tennessee 37421. U.S. Xpress has committed a tortious act in Cobb County in the State of Georgia and is subject to the jurisdiction and venue of this Court. U.S. Xpress may be served with process through its Registered Agent for service of process Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37421.

4.

Defendant TYLER GARNER BUELL ("Defendant Buell") is a resident of Westminister, South Carolina and is subject to the jurisdiction of this Court through O.C.G.A. § 9-10-91. Defendant can be personally served with process at 450 Williams Farm Road, Westminister, South Carolina 29693, or wherever he may be found.

**EXHIBIT A**

5.

Jurisdiction and venue are proper in this Court.

## FACTS

6.

On or about December 3, 2019, Plaintiff was operating a vehicle traveling southbound on Interstate 75 in lane 5 at or near Windy Hill Road in Cobb County, Georgia.

7.

At the same time, Defendant Buell was operating a vehicle traveling southbound on Interstate 75 in lane 4. Defendant Buell changed lanes negligently and improperly and his truck collided with the vehicle driven by Ms. Montalvo.

8.

As a result of the collision with the vehicle driven by the Plaintiff that was caused by the negligence of Defendant Buell, Plaintiff suffered severe injuries.

## COUNT I – NEGLIGENCE

9.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 8 above as if fully restated.

10.

Defendant Buell negligently failed to maintain a proper lookout for vehicles

**EXHIBIT A**

and negligently and improperly changed lanes in violation of O.C.G.A. § 40-6-123.

11.

Defendant Buell's negligence was the proximate cause of the collision and Plaintiff's resulting injuries.

**COUNT II – IMPUTED LIABILITY**

12.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 10 above as if fully restated.

13.

At the time of the subject collisions, Defendant Buell was under dispatch for Defendant Total Transportation of Mississippi, LLC.

14.

At the time of the subject collision, Defendant Buell was operating his vehicle on behalf of and in the course and scope of his employment with Defendant Total Transportation of Mississippi, LLC.

15.

At the time of the subject collisions, Defendant Buell was under dispatch for Defendant U.S. Xpress Leasing, Inc.

16.

At the time of the subject collision, Defendant Buell was operating his vehicle on behalf of and in the course and scope of his employment with Defendant U.S. Xpress

**EXHIBIT A**

Leasing, Inc.

17.

At the time of the subject collisions, Defendant Buell was under dispatch for Defendant U.S. Xpress, Inc.

18.

At the time of the subject collision, Defendant Buell was operating his vehicle on behalf of and in the course and scope of his employment with Defendant U.S. Xpress, Inc.

19.

Defendant Total Transportation of Mississippi, LLC is an interstate or intrastate motor carrier, and pursuant to federal and state laws, is responsible for the negligence of Defendant Buell that proximately caused the collisions and injuries to the Plaintiff described in this complaint under the doctrine of lease liability, agency, respondeat superior and/or apparent agency.

20.

Defendant U.S. Xpress Leasing, Inc. is an interstate or intrastate motor carrier, and pursuant to federal and state laws, is responsible for the negligence of Defendant Buell that proximately caused the collisions and injuries to the Plaintiff described in this complaint under the doctrine of lease liability, agency, respondeat superior and/or apparent agency.

21.

U.S. Xpress, Inc. is an interstate or intrastate motor carrier, and pursuant to federal

**EXHIBIT A**

and state laws, is responsible for the negligence of Defendant Buell that proximately caused the collisions and injuries to the Plaintiff described in this complaint under the doctrine of lease liability, agency, respondeat superior and/or apparent agency.

### COUNT III – DAMAGES

22.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 20 above as if fully restated.

23.

As a result of Defendants' negligence, Plaintiff Sandra Montalvo suffered severe injuries, including injuries to her head, neck, back, shoulder and buttocks.

24.

As a result of Defendants' negligence, Plaintiff Sandra Montalvo has incurred medical expenses exceeding $53,612.64 and will continue to incur future medical expenses.

25.

As a result of Defendants' negligence, Plaintiff has suffered pain and impairment.

26.

Defendants' negligence is the sole and proximate cause of Plaintiff's injuries.

**WHEREFORE**, Plaintiff prays that she have a trial on all issues and judgment against Defendants as follows:

    a.    That Plaintiff recover the full value of her past and future medical expenses and in an amount to be proven at trial;

**EXHIBIT A**

b. That Plaintiff recovers for pain, suffering and impairment in an amount to be determined by the enlightened conscience of a jury;

c. That Plaintiff recover for her permanent impairment and loss of enjoyment of life in an amount to be determined by the enlightened conscience of a jury;

d. That Plaintiff recover such other and further relief as is just and proper.

This 14th day of May, 2021.

*Thomas D. Trask*
Thomas D. Trask
State Bar No. 715620

Trask Law Firm
One Atlantic Center
1201 W. Peachtree St. NW
Suite 2300
Atlanta, GA 30309
Phone:  404-795-5010

**EXHIBIT A**